This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Eric Dixon, has appealed from his conviction by the Summit County Court of Common Pleas for felonious assault. We affirm.
On May 16, 2000, Defendant was indicted on one count of rape, in violation of R.C. 2907.02(A)(2); one count of kidnapping, in violation of R.C. 2905.01(A)(3) (4); and one count of felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2). After a trial by jury, Defendant was found guilty of felonious assault, not guilty of rape, and not guilty of kidnapping. Defendant was sentenced to seven years incarceration. Defendant timely appealed and has raised four assignments of error for review. This Court will address Defendant's first, second and third assignments of error concurrently for ease of review.
 ASSIGNMENT OF ERROR I The State failed to establish beyond a reasonable doubt the necessary elements to sustain a conviction for felonious assault (O.R.C. 2903.11(A)(2)), in violation of [Defendant's] right to due process of law under the United States and Ohio Constitutions.
 ASSIGNMENT OF ERROR II The judgment finding [Defendant] guilty of felonious assault (O.R.C. 2903.11(A)(2)), was against the manifest weight of the evidence in violation of the due process clause of the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio.
 ASSIGNMENT OF ERROR III The trial court committed error by failing to grant [Defendant's] motion for judgment of acquittal on all counts.
 In his first, second, and third assignments of error, Defendant has argued that his conviction for felonious assault was insufficient as a matter of law and against the manifest weight of the evidence. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was charged with a violation of R.C. 2903.11(A)(2), which states that "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance[.]" As used in this statute, "[d]eadly weapon" has the same meaning as the definition set forth in R.C 2923.11
of the Revised Code. R.C. 2903.11(E)(1). R.C. 2923.11 defines "[d]eadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). The evidence produced at trial supports Defendant's conviction for felonious assault.
The testimony at trial established that during the evening hours of May 12, 2000, and into the early morning hours of May 13, 2000, Defendant got into an argument with the victim, Dawn Sears. Defendant began by beating the victim with his fists, kicking her, jumping on her and choking her with his hands. Defendant choked the victim to the point of unconsciousness. When the victim regained consciousness, Defendant began to beat the victim with a board that had nails sticking out of it. The victim tried to escape and ran toward one of the doors. However, Defendant caught up with the victim and barred her exit. Defendant then grabbed a curtain rod and beat the victim with it. Defendant eventually permitted the victim to leave. The victim reported this incident to the police.
Following the issuance of the complaint, Defendant was taken into custody and questioned. Defendant admitted to Detective Bowen that he had hit the victim with the board that had nails in it. During the pendency of the proceedings, Defendant was held in jail. During this incarceration, Defendant also admitted to a fellow inmate that he had beaten a girl with a board that had nails in it.
Several courts have previously found that a board alone can be a deadly weapon. See, State v. Ziernicki (Nov. 2, 1995), Cuyahoga App. No. 68614, unreported, 1995 Ohio App. LEXIS 4883; State v. Williams (June 8, 1989), Cuyahoga App. No. 55490, unreported, 1989 Ohio App. LEXIS 2248;State v. Bowling (June 13, 1984), Hamilton App. No. C-830739, unreported, 1984 Ohio App. LEXIS 9739; State v. Gordon (Feb. 14, 1979), Hamilton App. No. C-780107, unreported, 1979 Ohio App. LEXIS 9245. Additionally, it is uncontroverted that Defendant used this board as a weapon. Therefore, it was not error for the trial court to find that as a matter of law, a board with nails protruding from it is a deadly weapon.
The evidence presented at trial showed that the victim suffered physical harm as a result of the attack. A medical expert testified that the victim had a great deal of bruising and had several open wounds, one of which was gaping and required stitches. Furthermore, as a result of this attack, the victim had some permanent scarring.
Upon review of the evidence presented, Defendant's conviction for felonious assault was not against the manifest weight of the evidence and was sufficient as a matter of law. Defendant's first, second, and third assignments of error are without merit.
 ASSIGNMENT OF ERROR IV The trial court committed error by imposing upon [Defendant] a sentence contrary to law.
 In his fourth assignment of error, Defendant has argued that the trial court erred by sentencing him to more than the minimum sentence without making the requisite findings. We disagree.
R.C. 2929.14(B) provides in part:
 if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 Defendant was convicted of a felony and was sentenced to seven years imprisonment, a term greater than the minimum term authorized. Defendant has argued that because his prison sentence was in excess of the minimum, the trial court erred when it did not make the required findings as set forth in R.C. 2929.14(B). However, this Court notes that the aforementioned section applies only when the offender has not previously served a prison term. At sentencing Defendant stated that he had been previously convicted of two felonies and had served time in prison on each of them. Accordingly, the trial court was not required to make any findings under R.C. 2929.14(B). Defendant's fourth assignment of error is without merit.
Defendant's first, second, third, and fourth assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J. CONCUR.